[Docket No. 4]

**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE**

Y.A.H., INC. PROFIT SHARING
PLAN,

              Plaintiff,

    v.

WIRENET, INC., et al.,

              Defendants.

Civil No. 19-22096 (RMB/JS)

**MEMORANDUM OPINION/ORDER**

      This matter comes before the Court upon Plaintiff's Motion
to Remand [Dkt. No. 4].  Defendant Lothar Budike removed to
this Court from the Superior Court of New Jersey, claiming both
federal question and diversity jurisdiction.  Plaintiff seeks
remand, arguing that its well-pleaded complaint does not raise
federal question jurisdiction, that Defendant Budike waived
diversity jurisdiction by multiple instances of active
participation in state court, and that the failure to join
Defendant Wirenet, Inc. means that the Notice of Removal is
defective.  For the reasons discussed below, the Court grants
Plaintiff's Motion and remands this action to the Superior
Court of New Jersey.

I.   **BACKGROUND**

Defendant Wirenet, Inc. borrowed $200,000.00 from Plaintiff in August 2017 and executed a Mortgage Note (the "Note") with a payoff due date in August 2019.  Defendant Budike served as Guarantor of the Note, securing the obligation to Plaintiff with a Mortgage and assignment of rents on a property at 1300 Atlantic Avenue, Longport, NJ 08403 (the "Longport Property").  Defendants later executed modifications of the Note and Mortgage, borrowing an additional $150,000.00 and revising the terms of repayment.

On November 19, 2019, Plaintiff commenced a collection action against Defendants in Superior Court of New Jersey, Law Division, Burlington County (the "Collection Action" - Docket No. BUR-L-2428-19).

On December 4, 2019, Plaintiff commenced a foreclosure action against Defendants in Superior Court of New Jersey to foreclose upon the Atlantic Avenue Property (the "Foreclosure Action" - Docket No. F-19710-19).

On December 26, 2019, Defendant Budike filed an Answer and Counterclaims in the Foreclosure Action.

Previously, on December 17, 2019, Defendant Budike filed a separate action against Plaintiff in Superior Court of New Jersey, Law Division, Atlantic County alleging the same causes of action contained in the Foreclosure Action Counterclaims

2

(the "Atlantic County Action" – Docket No. ATL-L-3383-19).

Then, on December 30, 2019, Defendant Budike filed a Notice of Removal of this action to this Court, claiming both federal question and diversity jurisdiction.

## II.   **LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441.

"An order remanding a case to the State Court from which it was removed [pursuant to section 1441] is not reviewable on appeal or otherwise". 28 U.S.C. 1447(d).

## III.  **ANALYSIS**

Even if this Court has subject matter jurisdiction over the claims in question, it must first examine whether the removal was procedurally proper.  "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. 1446(b)(2)(B).  "As courts in this District have repeatedly explained, unless an exception applies, 'the rule of unanimity requires that all defendants join in the notice of removal or give their consent within the

3

thirty day period for the removal to be proper.'" <u>Cacoilo v.</u>
<u>Sherman-Williams Co.</u>, 902 F. Supp. 2d 511, 518 (D.N.J. 2012)
(quoting <u>Pinnacle Choice, Inc. v. Silverstein</u>, Civ. No. 07-
5857, 2008 WL 2003759, at *3 (D.N.J. May 6, 2008)) (internal
quotations and emphasis omitted).  "Where a defendant who has
been properly served fails to join in, or consent to, removal
within the prescribed thirty-day time period under Section
1446(b), not only is the Notice of Removal defective on its
face, but so too is a subsequent notice of consent also filed
outside the prescribed thirty-day time period." <u>Cacoilo</u>, 902 F.
Supp. 2d at 518.  "The subsequent filing of an untimely notice
of consent is of absolutely no moment, does nothing to cure the
defect in the removal procedure, and is properly rejected by
the Court." <u>Id.</u> (citing, e.g., <u>Raju v. 315 Willow Avenue Condo.</u>
<u>Ass'n</u>, Civ. No. 07-3743, 2008 WL 314561, at *2-3 (D.N.J. Jan.
28, 2008)).

    In this case, the Notice of Removal was filed and signed
by Defendant Budike alone.  In it, he stated that "[o]n
information and belief no other co-defendants have been served.
On further information and belief any other co-defendants would
consent to removal." [Notice of Removal at 2]  However, "even
where . . . no counsel has made an appearance on behalf of a
named defendant **and no proof of service has been filed with
respect to that named defendant,** the removing defendant

nevertheless has the duty to insure that such named defendant has consented to the removal." Cacoilo, 902 F. Supp. 2d at 522 (quoting Aqua-Gulf Transp., Inc. v. Twin Cnty. Transp., Civ. No. 06-1952, 2006 WL 3591291, at *3 (D.N.J. Dec. 11, 2006) (internal quotations omitted; emphasis added).  If the removing defendant fails to obtain that consent, "the notice of removal fails to comply with the rule of unanimity and is procedurally defective under Section 1447(c)." Cacoilo, 902 F. Supp. 2d at 522.  Thus, even if this Court credits Defendant Budike's belief that Defendant Wirenet, Inc. had not been served, see infra, he was still obligated to obtain its consent to removal.

In his Opposition to the Motion, and in a separate response [Dkt. No. 8] to this Court's Order to Show Cause, Defendant Budike makes a number of different statements regarding the role of Defendant Wirenet in this litigation, some of which strain the Court's credulity.[1]  Among them, he states that Wirenet, Inc. has since 2005 been known as "Powerweb Energy, Inc." and is a Delaware corporation with a principal place of business at 506 Georgetown Road, Wallingford, PA 19086 – which is also Defendant Budike's home address. See Response to Order to Show Cause at 2.  In his

---

[1] For instance, Defendant Budike asserts that "Y.A.H. identified only Lothar E. Budike Jr. as a defendant" and thus "there is no [sic] any other parties which can give a consent for removal in the present case."  However, the caption in the Foreclosure Action clearly lists "WIRENET, INC." as the first named defendant.

5

Opposition, Defendant Budike further states that if Wirenet/Powerweb's consent to removal is required as a co-defendant, "such consent [to removal] will be received because Lothar E. Budike Jr. is the president and owner of this company", and that Budike "certifies that he **will provide a consent** from Powerweb Energy, Inc. for removal [of] the case." Opposition at 8 (emphasis added). However, to this point no such consent has been provided, nor any supporting documentation regarding Defendant Budike's connection to Wirenet/Powerweb.

Defendant Budike thus intimates that Wirenet/Powerweb is merely an alter ego on behalf of which he may act in federal court. He is incorrect in this regard. "[A]s the Supreme Court has stated, '[i]t has been the law of the land for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.'" U.S. v. Cocivera, 104 F.3d 566 (3d Cir. 1996) (quoting Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993)). Wirenet/Powerweb must register its consent (or otherwise) with this Court through its legal counsel, not merely via Defendant Budike's "say-so". And even if it could, Defendant Budike failed to file such consent within the thirty-day time period. The Notice of Removal is therefore irrevocably defective.

IV.   <u>**CONCLUSION**</u>

The Court finds that the Notice of Removal is defective and that remand to the state court pursuant to 28 U.S.C. Section 1447 is therefore proper.  Because the Court makes its decision at the procedural threshold, it need not conduct a subject matter jurisdiction analysis.

**THEREFORE**

**IT IS** on this <u>**16**<sup>th</sup></u> day of **July** 2020, hereby

**ORDERED** that Plaintiff's Motion to Remand [Dkt. No. 4] is **GRANTED;** and it is further

**ORDERED** that this matter is **REMANDED** to the Superior Court of New Jersey, Atlantic County; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.


_____
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

7